**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30061
(Summary Calendar)
_____

GLENN T. HAMPTON,

Plaintiff-Appellant,

versus

TRANSAMERICA INSURANCE CO.,
Transamerica Occidental Life
Insurance Company, ET Al.,

Defendants-Appellees.

_____

Appeal from United States District Court
for the Middle District of Louisiana
(CA-94-888-A)
_____

June 14, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff, Glen T. Hampton, appeals the district court's dismissal of his action for lack of subject matter jurisdiction. We affirm.

FACTS

In this pro se and in forma pauperis suit, Texas state prisoner Glenn T. Hampton sought to challenge the validity of Texas probate court proceedings as they relate to his wife's succession

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

by invoking 42 U.S.C. § 1983. His complaint sets forth both diversity and federal question as bases for the district court's subject matter jurisdiction.

The magistrate judge (1) determined that complete diversity of citizenship between Hampton and the defendants was lacking, and that no jurisdiction existed over the alleged federal claims, and (2) recommended that Hampton's complaint be dismissed for lack of subject matter jurisdiction, without leave to amend. The district court adopted the magistrate judge's report over Hampton's objections and dismissed Hampton's action for lack of subject matter jurisdiction, without leave to amend.

DISCUSSION

In a rambling brief which confuses jurisdiction with venue, Hampton challenges the district court's dismissal of his suit for lack of subject matter jurisdiction. In the past, Hampton has been a frequent filer of meritless and often frivolous complaints. For the reasons which follow, we find that the instant complaint is no exception.

Federal district courts have no authority to review final state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). This principle also applies to collateral actions in which the constitutional claims presented in the federal court are inextricably intertwined with questions of the validity of the state court's grant or denial of relief. Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986). Moreover, this principle is not affected simply because a complaint, which seeks a reversal in federal court of a state court judgment, happens to

2

be cast in the form of a civil rights action.  Reed v. Terrell, 759 F.2d 472, 473 (5th Cir.), cert. denied, 474 U.S. 946 (1985).

A review of Hampton's pleadings and arguments reveals that Hampton's suit is "inextricably intertwined" with the proceeding that occurred in Probate Court No. 2 in Houston, Texas. Hampton specifically requests "the setting aside of unlawful judgments" allegedly rendered by that court.  See and compare, Chrissy F. by Medley v. Mississippi Dep't of Public Welfare, 995 F.2d 595, 597, 599 (5th Cir. 1993), cert. denied, 114 S. Ct. 1336 (1994) (where the complaint alleging "various violations of a vast array of constitutional and statutory rights and privileges" was nothing more than a patent attempt to collaterally attack the validity of the state court judgment).

To the extent that Hampton asserts 28 U.S.C. § 1332(a)(1) diversity of citizenship as the basis for reversing the district court's determination that it lacked subject matter jurisdiction, his contention is meritless.[1]  Federal courts may refuse to adjudicate disputes in the area of probate even when the requirements for federal diversity jurisdiction have been met.  See Hayes v. Gulf Oil Corp., 821 F.2d 285, 290 (5th Cir. 1987). Moreover, a federal court may not "interfere with the probate

---

[1]     Hampton attempted to amend his complaint under Fed. R. Civ. P. 15(a), to drop his action against the non-diverse defendant.  Because the defendants had not been served, Hampton had an automatic right to amend his complaint under Fed. R. Civ. P. 15(a).  Nevertheless, because Hampton's claim warrants no relief on its face, he was not prejudiced by the court's denial.  See Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114 (5th Cir. 1990).

3

proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Robertson v. Robertson, 803 F.2d 136, 138 (5th Cir. 1986) (internal quotation and footnote omitted). Hampton's petition names the Texas probate court as a defendant, and seeks federal court interference with the probate of a will and control of property in the custody of state courts. Thus, the district court would not have had jurisdiction to adjudicate the instant claim even if there had been complete diversity among the parties.

We find that the instant action is no more than an attempt to collaterally attack the judgment and rulings rendered by the Texas Probate Court. Accordingly, we AFFIRM the district court judgment which properly dismissed Hampton's suit for lack of subject matter jurisdiction. We further find that this appeal is meritless and frivolous.

Hampton previously has been warned by this court that he may be sanctioned for filing further frivolous or vexatious pleadings. See Hampton v. Henderson, No. 93-5318 at 3-4, (5th Cir. Jan. 3, 1994) (unpublished). Moreover, as the magistrate judge noted,

> It is apparent from the [magistrate judge's] report and recommendation in Glenn T. Hampton v. Probate Court No. 2, et at., CV 92-540 (W.D. La. 1992), that the plaintiff's complaint here mirrors the one he filed in the Western District. As he was told in the magistrate judge's report, United States District Courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege

4

that the state court's action was unconstitutional.

We accordingly bar Hampton from filing any civil appeal in this Court, or any initial pleading in any court which is subject to this Court's jurisdiction, without the advance written permission of a judge of the forum court or of this Court; and we direct the clerk of this Court and the clerks of all federal district courts in this Circuit to return to Hampton, unfiled, any attempted submission inconsistent with this bar.

For the foregoing reasons, we AFFIRM the district court judgment, and impose sanctions as stated in the preceding sentence.